IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SMITH, | : | No. 4:CV-05-1599 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| D. PRICE, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### September 20, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Robert Smith ("Plaintiff" or "Smith"), a federal prisoner incarcerated at the Federal Correctional Institute, Schuylkill, Pennsylvania ("FCI-Schuylkill"), proceeding *pro se,* initiated this *Bivens* action pursuant to 28 U.S.C. §1331[1] by filing a complaint in the United States District Court for the Middle District of Pennsylvania on August 8, 2005.

Plaintiff alleges that on February 18, 2005, Defendant Price conducted a search of Plaintiff's cell and found a seven and a half inch shank located in the

---

[1]Section1331 provides federal courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 42 U.S.C. §1331. This statute provides federal courts with jurisdiction over actions brought by plaintiffs who claim that their civil rights have been violated by federal officers. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 403-05(1971)(Harlan, J., Concurring).

1

lighting fixture of the desk light in Plaintiff's cell. (Rep. & Rec. at 2). As a result, Plaintiff was found guilty of possession of a weapon and sanctioned with 60 days of disciplinary segregation, disallowance of 54 days of good conduct time, forfeiture of 135 days of non-vested good conduct time, and loss of telephone and visiting privileges for one year. Id. Plaintiff submits a series of arguments concerning this incident, including the following: the knife did not belong to him; the knife was found in the fixture of the desk light in the cell that he shared with another inmate; he did not have control over the fixture and that special tools, which he did not possess, were required to open the fixture; and Defendants failed to properly investigate the matter. Id. Plaintiff alleges that Defendants violated his Fifth, Sixth, and Eighth Amendment rights by finding him guilty of possession of a weapon.

Named as Defendants in the complaint are the following: Ronnie Holt, Warden at FCI-Schuylkill; D. Price, an officer at FCI-Schuylkill; Kevin Bittenbender, a Bureau of Prisons ("BOP") Disciplinary Hearing Officer; and Harrell Watts, the National Inmate Appeals Administrator for the BOP.

This case was referred to Magistrate Judge J. Andrew Smyser for preliminary review pursuant to 28 U.S.C. § 1915A(b)(1). On August 26, 2005, Magistrate Judge Smyser issued a Report and Recommendation within which he

concludes that the complaint fails to state a *Bivens* claim upon which relief can be granted and that granting Plaintiff leave to amend his complaint would be futile. The Magistrate Judge therefore recommends that the complaint be dismissed and the case file closed. Id. at 8-9.

Plaintiff filed objections to the Magistrate's Report on September 8, 2005. This matter is now ripe for disposition.

**STANDARD OF REVIEW**:

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (l980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**DISCUSSION:**

A careful review of Plaintiff's objections to the Report and Recommendation reveal that they are nothing more than a restatement of the arguments asserted in his complaint concerning alleged Fifth, Sixth, and Eighth Amendment violations, as well as unclear assertions that the Magistrate Judge erred in his Report. (See Rec. Doc. 10). We will address Plaintiff's objections as necessary in this narrative.

As the Magistrate Judge explained, the Supreme Court held in Preiser v. Rodriguez, 411 U.S. 475 (1973), that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500. Accordingly, to the extent that Plaintiff is seeking the return of good conduct time credits, he is seeking a speedier release from custody. He must therefore pursue that claim in a habeas corpus case, and not in the *Bivens* action which Plaintiff has asserted here.

Plaintiff is also seeking compensatory and punitive damages, as well as declaratory relief. In both his complaint and objections, Plaintiff has asserted violations of his due process rights under the Fifth Amendment, as well as Sixth and Eighth Amendment violations. We will address these claims in turn.

Plaintiff asserts that Defendants violated his Fifth Amendment right to due process by finding him guilty of possession of a weapon and by subsequently upholding that finding.[2] We are in agreement with the Magistrate Judge's explanation that success on that claim would necessarily imply the invalidity of the disciplinary sanctions imposed on Plaintiff, including the loss of good conduct time. Such a claim is not cognizable as a *Bivens* claim for monetary damages unless or until Plaintiff's disciplinary sentence is reversed or expunged by prison officials, or called into question by a federal court's issuance of a writ of habeas corpus.[3] See Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520

---

[2] In his objections, Plaintiff asserts an alleged, but unsupported, phenomenon concerning a "rash" of "knife in the lamp fixture" occurrences at FCI-Schuylkill and appears to imply an institutional motive to be the reason for such a phenomenon. (Rec. Doc. 10, at 3-4).

[3] We initially note that in Heck v. Humphrey, 512 U.S. 477 (1994), as submitted by the Magistrate Judge, the plaintiff filed a 42 U.S.C. § 1983 action against two county prosecutors and an Indiana state police investigator. The Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87. Moreover, the Supreme Court stated that even if a plaintiff has exhausted available state remedies, the plaintiff has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. Id. at 489.

Second, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the reasoning of Heck to a claim for damages and declaratory relief based upon allegedly improper procedures used during a prison disciplinary hearing that resulted in the loss of good time credits. The Supreme Court held that the procedural defects alleged by the prisoner would, if established, necessarily imply the invalidity of the deprivation of his good time credits and that the prisoner's claims are not cognizable in a § 1983 action. Id. at 648.

Finally, as the Magistrate Judge submits, although Plaintiff is a federal prisoner, the

U.S. 641 (1997).

With regard to Plaintiff's Eighth Amendment claim, we note that an Eighth Amendment claim of cruel and unusual punishment must contain allegations which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97 (1976). The two prong analysis of Eighth Amendment claims involves an objective component, the deprivation must be sufficiently serious, and a subjective component, the defendant must have been deliberately indifferent. Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir. 1992). We agree with the Magistrate Judge's determination that merely finding Plaintiff guilty of possession of a weapon and sentencing him to 60 days disciplinary segregation does not rise to the level of an Eighth Amendment violation. (Rep. & Rec. at 7-8). Plaintiff therefore fails to state an Eighth Amendment claim upon which relief can be granted.

Finally, Plaintiff alleges that his Sixth Amendment rights were violated as he was found guilty of possession of a knife. However, the Sixth Amendment guarantees apply only to criminal prosecutions, Kirby v. Illinois, 406 U.S. 682, 690 (1972), and prison disciplinary proceedings are not criminal prosecutions within the meaning of the Sixth Amendment. Wolff v. McDonnell, 418 U.S. 539, 556

---

reasoning of Heck and Edwards is applicable to federal prisoners' *Bivens* claims. See Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); Zolicoffer v. Federal Bureau of Investigation, 884 F. Supp. 173, 175-76 (M.D. Pa. 1995).

(1974). Plaintiff accordingly fails to state a Sixth Amendment claim upon which relief can be granted.

After a careful review of the record, including Plaintiff's objections to the Report and Recommendation, we are in agreement with the Magistrate Judge that Plaintiff's complaint fails to state a *Bivens* claim upon which relief can be granted. We also find that granting Plaintiff leave to amend his complaint would be futile as this is not a case in which Plaintiff's allegations are unclear or where Plaintiff failed to include specific allegations necessary to support his claim. See 28 U.S.C. § 1915A; see also Grayson v. Mayview State Hospital, 293 F.3d 103, 113-14 (3d Cir. 2002). Instead, as the Magistrate Judge accurately submits, Plaintiff's claims in the case sub judice are not cognizable claims.

For the reasons set forth in Magistrate Judge Smyser's Report and Recommendation, Plaintiff's objections are without merit. Plaintiff's complaint will be dismissed and the case closed.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (doc. 9) is adopted in its entirety.

2. Plaintiff's complaint is hereby dismissed.

3. The Clerk shall close the file on this case.

<u>s/ John E. Jones III</u>  
John E. Jones III  
United States District Judge